IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JOSHUA KALEB MICHAEL GONZALES**               **PLAINTIFF**

**VERSUS**            **CIVIL ACTION NO.: 5:23-cv-00001-DCB-BWR**

**SHERIFF JAMES BRUMFIELD, et al.**               **DEFENDANTS**

## REPORT AND RECOMMENDATION

On January 19, 2023, *pro se* Plaintiff Joshua Kaleb Michael Gonzales filed this Complaint under 42 U.S.C. § 1983, alleging that Defendants Sheriff James Brumfield, Jail Administrator Richard Bynum, Warden Harold Clements, and Officer Melvin Dawson are liable for maintaining unconstitutional conditions of confinement at the Pike County Jail in Magnolia, Mississippi. Compl. [1] at 1, 4-6. On May 10, 2023, the parties appeared before the Court at a screening hearing in Natchez, Mississippi. (Minute Entry, May 10, 2023). At that time, the Court established an August 8, 2023, deadline for the production of discovery and a September 7, 2023, deadline for the filing of dispositive motions. Order [18] at 3-4. The record does not reflect that any discovery was exchanged, nor were any dispositive motions filed.

After the screening hearing, Plaintiff notified the Court twice about a change of address. On September 18, 2023, Plaintiff advised the Court that he had been transferred to the Hancock County Adult Detention Center in Bay St. Louis, Mississippi, on August 13, 2023. Notice [20] at 1. On November 16, 2023, Plaintiff advised the court that he was released from custody on November 11, 2023, and had relocated to McComb, Mississippi. Notice [21] at 1.

On January 11, 2024, the Court set this matter for a pretrial conference on March 14, 2024, in Natchez. Notice [22]. The Notice of Hearing was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Since then, Defendants retained new counsel, who filed a Motion [26] for Leave to File Amended Answer and Affirmative Defenses to Complaint on February 5, 2024. On February 7, 2024, the Court directed that, if Plaintiff wished to respond to the pending motion, "any such response must be filed on or before February 21, 2024." (Text-Only Order Feb. 7, 2024). That Text-Only Order was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Plaintiff did not respond to the pending motion.

On March 14, 2024, the Court came to order at the appointed time and in the appointed location and announced Plaintiff's case. Defendants Brumfield, Bynum, and Clements were present with counsel, along with the President of the Pike County Board of Supervisors, and they had prepared and presented exhibit and witness lists to the Court pursuant to the Notice [22] of Pretrial Conference. Plaintiff's name was called inside the courtroom three times without a response. Plaintiff's name was then called in the hallway outside the courtroom three times, again without a response. Court security personnel confirmed that Plaintiff had not passed through the security checkpoint at the courthouse to enter the building.

Plaintiff has not notified the Court about another change of address, despite being warned multiple times that it is his responsibility to provide the Clerk of Court with his current address. *E.g.*, Order [3] at 2; Order Setting Payment Schedule [5] at

2

3; Order Requiring Plaintiff to Respond [6] at 3; Order [8] at 2-3; Order Setting Omnibus Hearing [12] at 3-4; Order of Referral [14] at 1; Omnibus Order [18] at 4. Based on Plaintiff's failure to appear at the pretrial conference, for which he apparently received notice, the undersigned finds that Plaintiff no longer demonstrates interest in prosecuting his claims. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff Joshua Kaleb Michael Gonzales's Complaint be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within fourteen days of being served with a copy of this Report and Recommendation, any party may serve and file written objections with the Clerk of Court. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. Within seven days of service of the objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objections. L.U.CIV.R. 72(a)(3).

The District Judge shall make a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or

recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *See Wallace v. Miss.*, 43 F.4th 482, 494-95 (5th Cir. 2022) (collecting cases).

**SIGNED,** this 15th day of March, 2024.

*s/* *Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE